Madam Clerk, please call the next case. 312-0267, the Public Safety Employees' Organization, Appellant Daniel Dijkstra v. City of Galesburg, Appellee Donald Anderson. Mr. Dijkstra, you may proceed. Thank you, Your Honor. May it please the Court, this dispute arises over whether grievance filed under a collective bargaining agreement covering public employees under the Illinois Public Labor Relations Act may proceed to arbitration, or whether that grievance and arbitration is clearly excluded from the grievance clause in that contract. Specifically, the officer was given a one-day suspension issued by the Chief of Police and filed a grievance. The City contends that the officer must proceed through the appeal process to the Board of Fire and Police Commissioners rather than through the grievance procedure. Just to be clear on the facts in this case, the Galesburg Board of Fire and Police Commissioners was not involved in the dispute in any instance. They were not involved in the investigation of the officer, they did not issue discipline to the officer, and they have not reviewed the discipline to the officer. In determining whether this grievance should proceed to arbitration, the Court must determine whether the dispute is within the grievance arbitration procedure between the parties under the Uniform Arbitration Act and the Illinois Public Labor Relations Act. There are three answers to the question of whether the dispute is within the agreement. Yes, the dispute is clearly within the agreement, no, the dispute is clearly excluded from the agreement, or it is unclear whether the dispute is included or excluded. Unless the answer is that the dispute is clearly excluded from the agreement, the Court should compel the parties to arbitration and the arbitrator should proceed, and if it is unclear, the arbitrator should be the one to determine the substantive arbitrability of the issue. As part of this analysis, the Court must look at Section 8 of the Public Labor Relations Act, which states that all matters are arbitrable in a collective bargaining agreement between a public employer and a labor organization unless the parties agree otherwise. Section 8 of the Act incorporates the Uniform Arbitration Agreement by reference. The grievance and arbitration provisions of any collective bargaining agreement shall be subject to the Uniform Arbitration Act. It must be absolutely clear that the matter is not within the scope of the arbitration agreement in order for the Court to stay the issue and not compel the parties to proceed to arbitration. Where a broad arbitration clause is involved and it is unclear if the parties agree to arbitrate a particular dispute, the question of substantive arbitrability should be decided by the arbitrator. Moving along to this particular dispute, the arbitration agreement being part of a collective bargaining agreement under the Public Labor Relations Act, the Court must determine whether that dispute is specifically excluded because it is presumed that all matters in that agreement are included in the arbitration agreement. In this matter, there is one clear exception that the parties agree excludes certain matters from the arbitration agreement. Specifically, proceedings and decisions of the Board of Fire and Police Commissioners shall not be subject to the grievance procedure. As an exclusion from the arbitration agreement, the Union completely agrees that if the Board had issued this discipline, it would be excluded from the agreement. However, that exclusion does not include discipline imposed by the Chief, such as in this case where the Chief imposed a one-day suspension. The Board has not taken any action on that discipline other than has been notified by the Chief of Police. What action could the Board take, if any, upon notice? Upon notice, the Board cannot proactively act on it. It can only respond if the officer had appealed the decision to the Board of Fire and Police Commissioners and they had ruled on that appeal. The officer could not then grieve that decision of the Board of Fire and Police Commissioners. If the Police Chief had instead chosen to file charges with the Board of Fire and Police Commissioners and they had issued a one-day suspension, the officer, again, could not file grievance over that suspension because that would have been imposed by the Board of Fire and Police Commissioners and then would have been specifically excluded from the agreement. Okay, so what we have here is a situation of a one-day suspension by the Chief. Yes. And there's like a fork in the road. The officer could appeal to the Board, correct? Yes. Or attempt to exercise rights under collective bargaining agreement. That's correct. Okay, so that's really what this case is about. Yes. Okay. The city attempts to extend that exception beyond decisions of the Board of Fire and Police Commission to any decision that could be appealed to the Board of Fire and Police Commissioner or is within the jurisdiction of the Board of Fire and Police Commission. However, that is an extension beyond the exception that the parties agreed to in their collective bargaining agreement. The sentence following the specific exception states that an alleged violation outside of the Board's jurisdiction is subject to the grievance procedure. While it could be inferred that perhaps then matters within the jurisdiction are outside the grievance procedure, the contract does not explicitly state that. The only specific, explicit exception in the contract is that proceedings and decisions of the Board are excluded from the grievance procedure. So what you're saying is that unless there are proceedings elected in this instance by either the Chief or the officer... Yes. ...it has to be agreed because you haven't invoked the jurisdiction of the Board. The officer has an election whether he wants to appeal to the Board or whether he wants to follow the grievance procedure in the collective bargaining agreement. Right. Unless the Chief elects to involve the Board at the outset in terms of filing charges and then allowing them to discipline the officer, or unless the matter. And it is not a proceeding or decision of the Board that would be specifically excluded. The election in this case was to go to the grievance procedure, Your Honor. Sorry? The election in this case was to go to the grievance procedure. That's correct, Your Honor. Yes. And your argument is that this language in the agreement is ambiguous, that the grievance procedure is to be followed, Your Honor? My argument would be that the agreement is clear that this matter is within the arbitration agreement, but at the very least it is unclear and should proceed to arbitration and the arbitrator should decide that matter. That's the essence of your argument, isn't it? That's correct. No, the way that question looks is right. That's correct. At the minimum, my argument is that it is unclear and that it should proceed to arbitration, Your Honor. At the minimum? At the minimum. I would take the position that it is clear. If you think that my argument has any merit in terms of the officer being able to elect a grievance and arbitration decision, then I believe it is clear. But if the language cannot be read to talk about potential proceedings, then it has to actually be actual proceedings to take it out of the collective bargaining agreement. That's correct. It needs to be explicit, clear, and unmistakable that there is a waiver to that right to arbitration in the contract.  That's correct. It has to be clear and unmistakable that a matter is excluded from the arbitration provision of the contract. The city also argues that the Board of Fire Police Commissioner statute controls the collective bargaining agreement in this matter, that because the statute permits that appeal process to the board when the chief issues suspensions, the officer then is excluded from the arbitration procedure because he has this alternate remedy. However, that's a misunderstanding of the relationship between the statute and the contract. The statute, like the minimum wage law, permits the minimum due process permitted to an officer who is suspended by the chief for less than five days. Similar to minimum wage law, the contract cannot pay an officer less than the minimum wage law. I'm not sure what the minimum wage law is exactly. It's around $8 or $9. The contract cannot say they're paid $6 an hour. Similarly, the contract could not state that an officer has no right of appeal on a suspension issued by the chief for five days or less. The officer has at least the rights under the statute of appeal to the Fire Police Commission and anything in addition that the parties choose to negotiate. In this case, the parties negotiated a collective bargaining agreement with a broad arbitration clause where every matter included in the agreement is subject to arbitration unless specifically excluded. They have not specifically excluded and have therefore bargained for a supplemental form of due process, namely the grievance and arbitration procedure. The defendant also cites Creve Coeur v. Fletcher in support of its position that the grievant cannot have both the grievance procedure and the appeal to the Board of Fire and Police Commissioners. However, aside from the factual flaws in that case where that case involved an officer who was suspended by the board or had discipline issued by the board and then appealed the board's decision, that case was also decided before an amendment that changed the relevant law. The Board of Fire and Police Commissioners Act was amended in 2007. Previously, non-home rule units of government were forced to abide and could not bargain over changes in that process. Since 2007, any unit of government can provide supplemental due process to grievance and arbitration to officers suspended by the chief of police for five days or less. When you use the phrase factual flaws in the decision, are you meaning that it's not factually similar? Yes, I misspoke. The factual differences between Creve Coeur v. Fletcher and the current case. I apologize for that. Thank you. To restate the main points of my argument, the only way the city can prevail in this dispute is if the court finds that the substance of this dispute is specifically excluded from the grievance provision of the collective bargaining agreement. The dispute is not specifically excluded because it is not a proceeding and decision of the Board of Fire and Police Commissioners, which is the exception to that grievance and arbitration provision. And I respectfully request that this court reverse the trial court's decision and instruct the trial court to order the parties to proceed to arbitration. Questions? I don't believe there are any questions. Thank you, Your Honor. Mr. Anderson, you may proceed. Thank you, Your Honor. May it please the Court, I'm Donald Anderson representing the City of Galesburg in this matter. As Mr. Eichner has indicated, this involves a one-day disciplinary suspension given to a police officer issued by the chief of police of the City of Galesburg. The facts of this case show that the city and the union are parties to a collective bargaining agreement that has a grievance and arbitration procedure, but the collective bargaining agreement also includes a specific exclusion from the grievance and arbitration procedure for disciplinary proceedings and decisions that are, quote, within the scope of the Board of Fire and Police Commissioners' jurisdiction, unquote. The issue before the court is the scope of that exclusion and whether the determination is properly made by the court or by an arbitrator. In this case, the trial court determined that the disciplinary action at issue was clearly not subject to the grievance and arbitration procedure, and the appellant here appeals from that determination. At the outset, we should make clear what is at issue and what is not. The collective bargaining agreement does contain a grievance and arbitration procedure, so there is compliance with the requirement of the Illinois Public Labor Relations Act that a collective bargaining agreement must have a grievance and arbitration procedure  Second, the collective bargaining agreement does contain a specific exclusion from the grievance and arbitration procedure for disciplinary actions that fall within the scope of the Board of Fire and Police Commissioners' jurisdiction. The issue is the scope of the exclusion, not whether an exclusion exists. There is no argument about the fact that disciplinary actions imposed in the first instance by the Board of Fire and Police Commissioners are excluded from the grievance procedure. The appellant concedes that and agrees that disciplinary actions imposed by the Board of Fire and Police Commissioners cannot be appealed to arbitration, but must be appealed, if at all, by means of the administrative review law. Similarly, the city concedes that disciplinary actions not referenced in the Board of Fire and Police Commissioners' statute, such as oral and written reprimands, are not subject to the jurisdiction of the Board of Fire and Police Commissioners and may be made the subject of a grievance and or appeal to arbitration. So the question comes down to the disciplinary actions that are within the power of the police chief to impose by the authority that he has been given by the Board of Fire and Police Commissioners' statutes. That grant of authority comes from section 10-2.1-17 of the statute, which reads in part, Nothing in this section shall be construed to prevent the chief of the fire department or the chief of the police department from suspending without pay a member of his department a period of not more than five calendar days, but he shall notify the board in writing of such suspension. The statute goes on to provide that a police officer or firefighter so suspended may appeal to the Board of Fire and Police Commissioners for review of the suspension within five calendar days after the suspension. The board then has great latitude as to what it will do with that appeal. Moreover, the statutory disciplinary procedure applies, according to the Board of Fire and Police Commissioners' statute, unless the employer and the labor organization have negotiated an alternative or supplemental form of due process based upon impartial arbitration as a term of a collective bargaining agreement. In this respect, the Board of Fire and Police Commissioners Act and the Illinois Public Labor Relations Act are in harmony. There is no conflict and no need to assert the precedence of the IPLRA in this regard. The trial court found that the particular discipline in question was not subject to an alternative or supplemental form of due process based upon impartial arbitration and therefore denied the union's application to compel arbitration. We contend that the trial court was correct and the disciplinary actions that are within the chief's authority to impose are excluded from arbitration.  to discipline or file charges with the Board of Fire and Police Commissioners. It says that such authority shall be in accordance with applicable laws, including those pertaining to the Board of Fire and Police Commissioners. Contrary to the appellant's contentions, therefore, the contract itself specifically recognizes the disciplinary authority of the chief as deriving from the Board of Fire and Police Commissioners' statute. Isn't part of the argument by the appellant is that you're saying that the Police and Fire Commission determined that it was not subject to arbitration and what they're saying is they don't have the power to make the determination of whether it's subject to arbitration, that the arbitrator has to make that decision. If the parties dispute whether or not arbitration is the appropriate remedy, then it isn't up to the Police and Fire Commission, but in fact that decision has to be made by the arbitrator. But you're saying that that's not the case? We are saying that under the Donaldson case, which was cited by the appellant, it is clear that this falls within the scope of the authority of the jurisdiction of the Board of Fire and Police Commissioners and therefore is clearly excluded from arbitration. Substantive arbitrability, we contend, should be determined under the Donaldson-Lovkin standard by the court. And we say that because the collective bargaining agreement has conferred jurisdiction for these kinds of cases upon the Board of Fire and Police Commissioners, that the application to compel arbitration should be denied because the proper recourse of the officer was to the Board of Fire and Police Commissioners. He did not take that recourse, therefore that was the only recourse available to him. Arbitration was not available to him. That is our position. Okay? The C argument is that the disciplinary action in this case is within the scope of the jurisdiction of the Board of Fire and Police Commissioners and therefore is clearly excluded from the grievance and arbitration procedure. The reasons for our position are as follows. One, the authority of the chief to suspend an officer for up to five days derives exclusively from the Board of Fire and Police Commissioners statute. But for that statute, the chief does not have that authority. When he acts pursuant to this statutory authority, he is required to give notice to the Board of Fire and Police Commissioners, as was done in this case. This notice is mandatory and necessarily invokes the Board of Fire and Police Commissioners jurisdiction. There would be no point in the statute for providing for such notice unless that were the case. The interpretation of the statute in this way enables consistency in the handling of disciplinary suspensions of one to five days. While the chief has the statutory power to discipline officers by suspending them up to five days, he's not required to do so. He can file charges instead. Interpreting the statute the way the city suggests ensures that the same review mechanism applies, whether the chief or the Board of Fire and Police Commissioners imposes the discipline in the first instance. Interpreting the statute or the interaction between the contract and the statute the way that the union urges creates anomalous results. The union's argument deposits the existence of a choice that is not called for in the language of the contract. The first choice under the union's mechanism is the one that is recognized by the statute, and that is of the chief. He can discipline the officer under his own authority given to him by the statute, or he can file charges with the Board of Fire and Police Commissioners. If he does the latter, then he forecloses review by arbitration under the union's argument. The second choice in the interpretation advanced by the union is that of the officer, and that is not recognized by the statute or the contract. And that is, if the chief uses his own statutory authority to discipline the officer, then the officer can elect between the Board of Fire and Police Commissioners and the grievance procedure as his appeal route, according to the union. But there's nothing in the collective bargaining agreement that supports the proposition that the officer has any such choice. As the court said in the Village of Creve Coeur case, the court should adopt a construction of the contract that is reasonable and does not produce an irrational result. In our view, the union's argument does produce an irrational result and ought to be rejected. Moreover, had the parties to the collective bargaining agreement wished to produce such a result as the union contends, they could have done so in a much more explicit manner, such as by specifically providing for a choice of forms. They didn't do so. The union argues the primacy of the grievance procedure under the Illinois Public Labor Relations Act. The city does not disagree that in the case of a conflict, the IPLRA controls. But there's no conflict here. The rules of statutory interpretation establish the proposition that statutes are to be interpreted as being in harmony with one another unless a conflict is manifest. There's no conflict here. The two say the same thing, that there is a collective bargaining agreement with a grievance and arbitration procedure unless the parties agree otherwise. The parties have agreed otherwise here, at least with respect to certain classifications of disciplinary actions. The union also devotes a lot of attention in its reply brief to making new arguments rather than responding to the city's. And in this regard, we believe that a good part of the reply brief should be disregarded under Supreme Court Rule 341H7, which prohibits new arguments in a reply brief. There have been a couple of appellate court cases on this this year. One in August by the 2nd District, County of Cook versus Illinois Labor Relations Board at 976 Northeast 2nd, 493, and one in April of this year involving Decatur PBPA Labor Committee versus City of Decatur, a 4th District case, at 968 Northeast 2nd, 749. I will address the waiver argument if the court would like me to do so, but I don't think it really makes a difference because it comes down to the same thing, and that is what is the scope of the exclusion that the parties themselves place in the collective bargaining agreement. What is our standard of review here? Standard of review is de novo, Your Honor. With respect to the issue as to whether the court or the arbitrator should decide arbitrability under the Donaldson case, the union urges in its main brief that the language is ambiguous, yet shifts its ground somewhat in the reply brief and suggests, at least inferentially, that the court can direct an arbitration on the merits because it is clear that arbitration is provided in this case. Counsel, that's two minutes. We believe that the court should decide this issue. Not only is there an issue of statutory interpretation here, which is for the court, but also a matter of judicial efficiency in that if it goes to arbitration, the arbitrator is going to have to interpret the statute, and it's likely to come back here. Rather than do that, we would suggest that the court decide the case. The approach we have urged here is the same as the approach used in the case of the city of Rockford v. Unit 6 cited in our brief. It's a post-Donaldson case. It cited and followed Donaldson, yet framed the issue as follows. The question is whether the parties, through their written agreement, showed an intent to exclude from arbitration the disputed matter. We urge the court to say yes to that question, just as the Second District said in Rockford. The decision of the trial court should be affirmed. Thank you. Thank you, Mr. Anderson. Mr. Dykstra, you may reply. Thank you, Your Honor. I agree with Mr. Anderson that the court needs to make a decision. However, that decision is only whether this dispute is specifically excluded from the contract, not whether the parties intended to exclude it, whether they thought they might exclude it, whether it is specifically excluded by the contract language from the arbitration agreement. I want to make sure that the court understands clearly what the exception from the arbitration clause is. The contract states clearly that proceedings and decisions of the Board of Fire and Police Commissioners shall not be subject to the grievance procedure. The city has presented the argument that disputes within the jurisdiction of the board are specifically excluded. However, that is not what the language reads. Following that specific exclusion, the next sentence states that violations outside of the jurisdiction are specifically part of the grievance procedure. It does not state that matters within the jurisdiction. The opposite of that statement are excluded specifically. The implication cannot be a specific exclusion because it is not specifically, clearly, and unmistakably written into the contract. The sentence following that sentence makes it even clearer that decisions by the city or the board are mutually exclusive. The chief, as an agent of the city, is a decision-maker of the city. The suspension imposed by the chief is an action by the city, not by the board. Since those two are mutually exclusive, it is not a decision or proceeding by the board and is not specifically excluded from the grievance and arbitration procedure. The city further argues that because the chief's authority to discipline is derived only from the board and fire and police commissioner statute, that the only recourse is under that statute. However, the contract specifically grants the chief the ability to discipline in section 11.1. It states the chief may discipline in accordance with that statute. While it has to be in accordance with that statute, the contract also grants the chief that explicit right to discipline officers. That's correct, but by restating that, the contract is a second source to give the chief that right to impose discipline. It creates a situation where the chief is not receiving that right to discipline officers only from the statute. It also is explicitly provided by the contract. While the contract can restate state law, that then brings that language into the contract, which governs the party's agreement specifically. The contract can't divorce state law, can it? No, it cannot, but it can grant specifically the same thing that state law grants, and that is then part of the contract and a separate authority for the chief to issue discipline. But not a distinct authority? Not distinct, but it is a second authority. As I was arguing, the breadth of the exception that only proceedings and decisions of the board are specifically excluded, and not items within the jurisdiction of the board, is the exception. I just want to clarify a little bit for that. I want to make sure I remember how things work. The chief can issue up to a five-day suspension. It doesn't need to seek permission or leave of the board. It's just upon notification to them. If he or she would seek to file charges, then they can't limit the action of the board. The board can decide no suspension up to five days, or they can seek other action. The action of the chief for the five-day suspension is notwithstanding the authority of the board. They don't have to go to the board to seek anything other than notify them of the action they're taking. That's correct, Your Honor. The statute allows the chief to suspend an officer up to five days. Beyond that, I believe the statute allows the board to suspend up to 30 days or impose termination on the officer. Can the board, though it's five days or less suspension, upon notice act? No, the board cannot act on its own if the chief only notifies them. The board must wait for an appeal to the board or can act if the chief decides to file charges rather than impose the suspension itself. Counsel has one minute. I believe the city also argued that the scheme that the union has presented, that the officer has the election of either the appeal to the Board of Fire and Police Commissioners or the election of grievance arbitration would result in anomalous results where the officer would then be able to elect one or the other,  I believe the city also argued that the scheme that the union has presented, what the results of those elections would be. I don't believe that is the case. The officer has the choice to either appeal to the Board of Fire and Police Commissioners or elect to go through the grievance arbitration process. Selection of one extinguishes the right to select the other. There will not be anomalous results. There will be one track by which the officer has the right of appeal of any discipline imposed by the chief. And there will not be conflicting results and the officer will not be able to grieve decisions by the board at a later date and there will not be any confusion, error, misunderstandings as a result of those. Again, I would request that this court reverse the trial court, instruct the court to order the parties to proceed to arbitration unless you have any other questions. No, I don't believe there are. Thank you very much, Your Honors. Thank you, Mr. Dykstra and Mr. Anderson, for your arguments in this matter this morning. It will be taken under advisement, a written dispositional issue. The court will stand and brief recess for panel change.